Welch, J.
This being ancestral property, its. descent is governed by the first section of the act. By the first clause of that section, such property — that is, property which came to the intestate by descent, devise, or deed of gift from an ancestor— passed to the children; by the second clause, for want of children, it passed to the husband or wife; and by the third clause, for want of husband or wife, it passed to the brothers and sisters of the intestate of the blood of the an cestor from whom the estate came. The fourth, fifth, and sixth clauses of the section are as follows:
“ Fourth. If there be no brothers or sisters of the intestate of the Blood of the ancestor from whom the estate came, or their legal representatives, and if the estate came by deed or (of) gift from an ancestor who may be living, the estate shall ascend to such ancestor.”
*535 “ Eifth. If the' ancestor from whom the estate came be deceased, the estate shall pass to and vest in the brothers and sisters of such ancestor, or their legal representatives; and for want of such brothers and sisters, or their legal represen tatives, to the brothers and sisters of the intestate of the hall blood, or their legal representatives, though such brothers and sisters be not of the blood of the ancestor from whom the estate came.”
“ Sixth. If there be no brothers and sisters of the intestate, or their legal representatives, it shall pass to the next of kin to the intestate, of the blood of the ancestors from whom the estate came.”
The court below held, and we think correctly, that the property in question descended, under the fifth clause, to the half-brother and half-sister of’ William H. White, who was the ancestor from whom it came. Plaintiffs in error claim that it descended, under the sixth clause, to them, as the next of kin to the intestate of the blood of the ancestors from whom it came. Their argument is, that the fifth clause, equally as the fourth, relates exclusively to ancestral property which came by deed of gift, and, therefore, has no application to this case. They also contend, that the word “ ancestors,” being in the plural number, the half-brother and half-sister of William II. White are excluded, because they are only of the blood of one of the ancestors from whom the estate came, to wif: William H. White,- whereas they, the plaintiffs in error, are of the blood of loth ancestors, that is to say, of William H. White and John White, the father and the grandfather of the intestate.
We think neither of these positions maintainable. The word “ ancestors” in the sixth clause must be read in the singular number, or at least taken in a distributive sense, and evidently has the same signification as the word “ ancestor ” used in the preceding clauses of the section, meaning the ancestor from whom the estate immediately came. The fifth clause is not to be read as a mere adjunct to the fourth clause, making both alike applicable exclusively to estates which came by deed of gift. There are at least two good reasons why it should not *536 be so read. In tbe first place, it is against tbe plain language of the clause, “If the ancestor from whom the estate came’' —not the ancestor from whom it came by deed of gift — is the language. In the second place, no good reason can be ■ imagined for making property which comes from an ancestor by deed of gift descend otherwise than it would have descended had it,came by descent or devise.
. We are satisfied that the court below was right in holding that this properly descended, under the sixth clause of the first section of the statute, to the half-brother and half-sister of William H. White, the immediate ancestor from whom it came by descent to the intestate, and not under the sixth clause, to the brothers and sisters of John White, the grandfather. That the terms “ brothers and sisters,” as used in the fifth clause of the act, comprehend half-brothers and half-sisters, was directly decided in Oliver v. Sanders, 8 Ohio St. 501.
The judgment is affirmed.
Brinkerhoer, O.J., and Soott, White, and Day, JJ., concurred.